Curia, per
Johnsost, J.
The rule on this subject is well settled. A promise to pay, or a bare acknowledgment of a subsisting debt, will revive a demand barred by the statute of limitations, and very slight circumstances are laid hold of to give effect to such promise or acknowledgment. The cases have gone already very far towards a repeal of the statute, and I am not disposed to carry the doctrine any farther. But there is no case which has yet gone the whole length to construe a direct and positive negative into a promise to pay, or as the acknowledgment of a subsisting debt; and such I think, is the effect of the ■ facts .proved in this case. The language of the defendant, and which is relied on fo take this case out of the statute is, “ the account may be correct, but your intestate is indebted to my testator in a much greater amount, and I will not therefore pay it.” Now this declaration must be taken together, it contains not only an express refusal to pay, but also an averment that nothing was due. The language of it is, I owe you nothing, because you owe me a sum to which this account ought to have been credited.
The case of Lee administrator of Lee vs. Perry, 3 M’Cord 552, is perhaps the • strongest case opposed to this view. There the defendant admitted the note had not been paid, but declared that he -would not pay it unless compelled by law, as it was out of date, and he had received no consideration. But in that ease there was an explicit acknowledgment of the debt, and the allega *217 tion that he had received no consideration, is repelled by ihe consideration expressed in the note, and in this respect the two cases differ.

New trial granted.